IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>GENE MILTON JR.,<br><br>Defendant. | **8:23–CR–246**<br><br>**ORDER** |

This matter is before the Court to conduct an initial review of defendant Gene Milton Jr.'s *pro se* Amended Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255. Filing 99. The defendant was sentenced on October 28, 2024, for possession with intent to distribute 400 grams or more of fentanyl (Count I) and possession of a firearm in furtherance of a drug trafficking crime (Count II). Filing 86 at 1. The defendant was sentenced to 240 months' incarceration as to Count I and 60 months' incarceration as to Count II to be served consecutively to Count I. Filing 86.

The judge receiving a § 2255 motion to vacate must first determine if "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." *See* Rule 4(b) of the Rules Governing Section 2255 Proceedings. "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief," the Court must order the United States to respond and consider holding a hearing. 28 U.S.C. § 2255(b); *see also* Rule 4(b) of the Rules Governing Section 2255 Proceedings. The record conclusively shows that the defendant is not entitled to relief. For the reasons stated below, the defendant's motion is denied.

## I. BACKGROUND

The defendant agreed to a Rule 11(c)(1)(C) plea agreement with the Government. The Rule 11(c)(1)(C) plea agreement provided, "the parties agree the defendant shall receive a cumulative sentence of between 240 and 300 months. This negotiated agreement resolves all issues related to the case and is the appropriate disposition. The parties agree that the defendant should be held responsible, beyond a reasonable doubt, for at least 1.2 kilograms, but less than 4 kilograms, of fentanyl." Filing 61 at 4.

On July 25, 2024, the defendant appeared before United States Magistrate Judge Michael D. Nelson for a change of plea hearing. Filing 64. The defendant was advised of the statutory penalties he faced by pleading guilty. Filing 64 at 10. The defendant informed the magistrate judge that he did not have any questions about the statutory penalties and that he understood "all the penalties that [he] face[d] under the law." Filing 64 at 10. The magistrate judge also informed the defendant, "[y]ou've also agreed to a specific sentence, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C). Specifically, the parties agree that you shall receive a cumulative sentence between 240 and 300 months" and that there would be a "five-year mandatory consecutive sentence for Count II." Filing 64 at 14. The magistrate further advised the defendant that "if the Court accepts that agreement, you will not be allowed to withdraw your guilty plea." Filing 64 at 14. The defendant stated that he "read and voluntarily sign[ed] this plea agreement after fully discussing it with [his attorney]" and that he understood he would not be allowed to withdraw the guilty plea if the Court accepted the agreement. Filing 64 at 14–15. The Court also had the attorney for the government summarize the terms of the plea agreement in open court, which included the agreement's sentencing provisions. Filing 64 at 16. The defendant stated that he agreed with the summary of the plea agreement, that the "written plea agreement contain[d] all terms, conditions, and promises that [the defendant] reached with the Government in this case," and that he had a

"full opportunity to consider any plea offers made to [him]." Filing 64 at 18. The defendant acknowledged "voluntarily sign[ing] the written plea agreement" and that he did not have questions about the plea agreement. Filing 64 at 18. The magistrate judge then asked, "Gene Milton, Jr., knowing and understanding everything in your petition to enter a plea of guilty, your written plea agreement, and everything that we've discussed, how do you now plead to the offenses alleged against you in Counts I and II of the [I]nformation?" Filing 64 at 22. The defendant responded, "Guilty." Filing 64 at 22. The Court accepted the defendant's plea of guilty on August 19, 2024, Filing 64, and accepted the Rule 11(c)(1)(C) plea agreement at sentencing, Filing 85 (text minute entry).

The defendant filed his original § 2255 motion on November 4, 2025. Filing 95. On that same day, a Text Notice of Deficiency was entered on the Docket by the Deputy Clerk, alerting the defendant that the motion was deficient because it was not signed. Filing 96 (Text Notice of Deficiency). The Court then issued an Order on Deficiency on May 5, 2026, ordering the defendant to correct the deficiency no later than June 4, 2026, or else the motion would be dismissed without further notice. Filing 97. The Court also ordered the Clerk of Court to mail a copy of the defendant's motion to his last known address so that he could cure the deficiency. Filing 97 at 2. On May 21, 2026, the motion was returned as undeliverable. Filing 98. Six days after the deadline for the defendant to cure the deficiency, the defendant filed the present Amended Motion.[1] Filing 99. Given the original motion was returned as undeliverable, the Court finds good cause to consider the Amended Motion.

[1] Because the defendant has submitted a corrected, amended motion, the Court dismisses the defendant's deficient, original motion as moot. Filing 95.

## II. ANALYSIS

### A. Applicable Standards

Milton brings his motion pursuant to 28 U.S.C. § 2255, which permits federal prisoners to ask the sentencing court to "vacate, set aside, or correct" a sentence upon a showing that "the sentence imposed was in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack[.]" 28 U.S.C. § 2255(a). "Section 2255 is an outgrowth of the historic habeas corpus powers of the federal courts as applied to the special case of federal prisoners." *Jones v. Hendrix*, 599 U.S. 465, 472 (2023); *see also Odie v. United States*, 42 F.4th 940, 944 (8th Cir. 2022) ("Section 2255 was intended to afford federal prisoners a remedy identical in scope to federal habeas corpus." (internal quotation marks and citations omitted)). Relief under 28 U.S.C. § 2255 is limited, as it "does not encompass all claimed errors in conviction and sentencing." *Meirovitz v. United States*, 688 F.3d 369, 370 (8th Cir. 2012). "A § 2255 motion can be dismissed without a hearing if '(1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'" *Tinajero-Ortiz v. United States*, 635 F.3d 1100, 1105 (8th Cir. 2011) (quoting *Sanders v. United States*, 341 F.3d 720, 722 (8th Cir. 2003)). Put differently, "[n]o hearing is required . . . where the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based." *Franco v. United States*, 762 F.3d 761, 763 (8th Cir. 2014) (internal quotation marks and citations omitted).

Milton's sole ground for relief turns on an allegation of ineffective assistance of counsel. Under the Supreme Court's test for ineffective assistance of counsel set forth in *Strickland v. Washington*, 466 U.S. 668, 686 (1984), courts consider "whether counsel's performance was

deficient, and if so, whether prejudice resulted." *United States v. Harris*, 83 F.4th 1093, 1097 (8th Cir. 2023) (internal quotation marks and citation omitted). "Deficient performance is that which falls below the range of competence demanded of attorneys in criminal cases." *O'Neil v. United States*, 966 F.3d 764, 770 (8th Cir. 2020) (quoting *Bass v. United States*, 655 F.3d 758, 760 (8th Cir. 2011)). "Only a performance 'outside the wide range of reasonable professional assistance' is constitutionally deficient." *Id.* at 771 (quoting *Love v. United States*, 949 F.3d 406, 410 (8th Cir. 2020)). To demonstrate prejudice, "a 'defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Paulson v. Newton Corr. Facility, Warden*, 773 F.3d 901, 904 (8th Cir. 2014) (quoting *Strickland*, 466 U.S. at 694). "The likelihood of a different outcome . . . 'must be substantial, not just conceivable.'" *Donelson v. Steele*, 16 F.4th 559, 570 (8th Cir. 2021) (quoting *Harrington v. Richter*, 562 U.S. 86, 112 (2011)). "Failure to establish either *Strickland* prong is fatal to an ineffective-assistance claim." *Worthington v. Roper*, 631 F.3d 487, 498 (8th Cir. 2011).

### B. The Record Contradicts Milton's Sole Ground for Relief

"A § 2255 motion can be dismissed without a hearing if '(1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'" *Tinajero-Ortiz*, 635 F.3d at 1105 (quoting *Sanders*, 341 F.3d at 722). The Amended Petition states in full,

> While in Hall County over a phone call my attorney Richard McWilliams promised me if I accepted the plea offer and not went to trial, which I wanted to proceed with, he could get me 20 years because I had not filed a motion to suppress the search warrant, and he knew Ihad [sic] a good chance of winning because I never sold the CI any drugs and the person that came to my house could have been making it look like I was his supplier and the police did not have any probable cause to search my residence otherwise as they did not observe me doing anything illegal besides talking to the person who did sell the drugs to the CI/ I thought and understood that since I did not contest the illegality of the search I would get 20 yrs. If I had known

> I was not going to get 20 years for not taking the chance to win the case I would never had plead guilty.

Filing 99 at 4.

The defendant's sole ground for relief fails because it is contradicted by the record. Judge Nelson engaged in a lengthy colloquy with the defendant, informing him *inter alia* that "[y]ou've also agreed to a specific sentence, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C). Specifically, the parties agree that you shall receive a cumulative sentence between 240 and 300 months" and that there would be a "five-year mandatory consecutive sentence for Count II." Filing 64 at 14. The plea agreement, with its sentencing provisions, was also summarized in open court, and the defendant stated that he agreed with the summary. Filing 64 at 18. The defendant acknowledged "voluntarily sign[ing] the written plea agreement" and that he did not have questions about the plea agreement. Filing 64 at 18. The defendant pleaded guilty pursuant to the plea agreement, saying that he understood everything in the written plea agreement and discussed in the hearing. Filing 64 at 22. The defendant's argument that his counsel performed ineffectively because he would not have accepted the plea agreement had he known his sentence would exceed 20 years is contradicted by the record. *Tinajero-Ortiz*, 635 F.3d at 1105 (saying the Court will not take allegations as true if they are contradicted by the record). The Court therefore finds that the defendant has not met his burden of showing that his counsel performed deficiently, or, if counsel did, that the defendant was prejudiced. *Kress v. United States*, 411 F.2d 16, 20 (8th Cir. 1969) ("In a § 2255 proceeding, the burden of proof with regard to each ground for relief rests upon the petitioner. . . .); *Harris*, 83 F.4th at 1097 (saying in ineffective assistance of counsel claims that courts consider "whether counsel's performance was deficient, and if so, whether prejudice resulted").

### C. Certificate of Appealability

No appeal may be taken on a § 2255 motion to vacate unless a judge issues a certificate of appealability, which requires the appellant to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(1)–(2). To make "a substantial showing of the denial of a constitutional right" after the district court denies a constitutional claim on the merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When a petition is denied on procedural grounds, a petitioner is entitled to a certificate of appealability if the petitioner "shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* Reasonable jurists would not find the Court's decision debatable. Therefore, a certificate of appealability will not be issued.

## III. CONCLUSION

For the reasons stated above, Milton's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255, Filing 99, fails. Accordingly,

IT IS ORDERED:

1. Gene Milton, Jr.'s Motion to Vacate Set Aside, or Correct Sentence under 28 U.S.C. § 2255, Filing 95, is denied as moot; and

2. Gene Milton, Jr.'s Amended Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255, Filing 99, is denied; and

3. The Court will not issue a certificate of appealability.

Dated this 10th day of November, 2026.

BY THE COURT:

Brian C. Buescher
Chief United States District Judge